## TEXAS & P. RY. CO. v. GURIAN.
### No. 3087.

Court of Civil Appeals of Texas. El Paso.
Nov. 15, 1934.

Rehearing Denied Dec. 6, 1934.

Mays & Perkins, of Sweetwater, and Henry G. Russell, of Pecos, for appellant.

Clyde E. Thomas and Martelle McDonald, both of Big Spring, and Joseph A. Beyer, of Crane, for appellee.

PELPHREY, Chief Justice.

The statement of the nature and result of the suit appearing in appellant's brief being agreed to by appellee as substantially correct, will be used by us. It reads:

### "Statement of the Nature and Result of the Suit.

"This suit was filed by plaintiff in the District Court of Crane County, Texas, on September 30, 1933, in which plaintiff alleged that on or about August 21, 1932, while riding one of appellant's freight trains out of the town of Big Spring, Howard County, Texas, he was ordered by the special agent to get off the train, and that after he had alighted he was struck over the head with a billet by the special agent, rendering him in a dazed condition, and was thrown and jerked underneath the train, crushing the bones in his left foot and severing the same at approximately the mid-joint, necessitating the removal of his foot at his ankle. He alleged his damages to consist of past and future pain and humiliation, diminished earning capacity and doctors and hospital bills.

"Appellant filed its answer on March 17, 1934, consisting of general and special demurrers, general denial and a general plea of contributory negligence.

"The case was submitted to the jury on the following special issues and the jury gave the following answer thereto:

"Special Issue No. 1:

"A. Do you find from a preponderance of the evidence that the plaintiff, Sidney Gurian, was a non-resident of the State of Texas, as that term is defined for you on August 21st, 1932, the date of said injury? Answer 'yes' or 'no.' Answer: *Yes.*

"B. Do you find from a preponderance of the evidence that the plaintiff, Sidney Gurian, was not, on said date of August 21st, 1932, a 'transient,' as that term has been defined to you herein? You will answer this issue by answering: 'He was not a transient' or 'he was a transient,' as you find the facts to be. Answer: *He was not a transient.*

"C. Do you find from a preponderance of the evidence that the plaintiff, Sidney Gurian, was a non-resident of the State of Texas, as that term is defined for you, on September 30th, 1933, the date of the filing of this suit in Crane County? Answer 'yes' or 'no.' Answer: *Yes.*

"D. Do you find from a preponderance of the evidence that the plaintiff, Sidney Gurian, was not, on said date of September 30th, 1933, the date of the filing of this suit in Crane County, a transient, as that term is defined for you? You will answer this issue by answering: 'He was not a transient' or 'he was a transient' as you find the facts to be. Answer: *He was not a transient.*

"Special Issue No. 2:

"Do you find from a preponderance of the evidence that R. L. Gomillion, at the time and place in question, struck the plaintiff, Sidney Gurian, immediately preceding the injuries that plaintiff sustained to his left foot? Answer 'yes' or 'no.' Answer: *Yes.*

"Special Issue No. 3:

"Do you find from a preponderance of the evidence that the striking of the plaintiff by the said R. L. Gomillion, if he did strike him, was done by R. L. Gomillion in attempting to eject the plaintiff from the property of the defendant railway company? Answer 'yes' or 'no.' Answer: *Yes.*

"Special Issue No. 4:

"Do you find from a preponderance of the evidence that R. L. Gomillion, in striking the plaintiff, if he did strike him, and if he did so in attempting to eject the plaintiff from the property of the defendant railway company, used more force than was necessary under all the attending circumstances? Answer 'yes' or 'no.' Answer: *Yes.*

"Special Issue No. 5:

"Do you find from a preponderance of the evidence that the act of R. L. Gomillion in striking the plaintiff with more force than was necessary to eject him from the defendant's property, if he did, was the proximate cause of the injuries sustained by the plaintiff to his left foot on the occasion in question? Answer 'yes' or 'no.' Answer: *Yes.*

"Special Issue No. 6:

"Do you find from a preponderance of the evidence that Sidney Gurian, the plaintiff, was voluntarily attempting to catch a moving train at the time he sustained the injuries to his left foot? Answer 'yes' or 'no.' Answer: *No.*

"Special Issue No. 7.

"Do you find from a preponderance of the evidence that the voluntary attempt of Sidney Gurian to catch a moving train, was a proximate cause of the injuries sustained by him to his left foot? Answer 'yes' or 'no.' Answer: ———

"Special Issue No. 7A:

"Do you find from a preponderance of the evidence that the voluntary attempt of Sidney Gurian to catch a moving train, if he did voluntarily attempt to catch a moving train, was a contributing cause of the injuries sustained by him to his left foot? Answer 'yes' or 'no.' Answer: ———

"Special Issue No. 8:

"Do you find from a preponderance of the evidence that the injuries of which the plaintiff complains were not the result of an unavoidable accident, as that term has herein been defined for you? Answer this issue by answering: 'The injuries were not the result of an unavoidable accident,' or 'The injuries were the result of an unavoidable accident,' as you find the facts to be. Answer: The injuries were not the result of an unavoidable accident.

"Special Issue No. 9:

"A. From a preponderance of the evidence what sum of money, if paid now in cash, do you find would reasonably and fairly compen-

sate the plaintiff for his diminished capacity, if any, to labor and earn money, in the future, if there will be any in the future, directly and proximately caused by reason of the injuries sustained, if any? Answer in dollars and cents. Answer: $6,000.00.

"B. From a preponderance of the evidence what sum of money, if paid now in cash, do you find would reasonably and fairly compensate the plaintiff for his physical pain, if any, suffered by him to date, if any, and for mental anguish in the past, if there has been any in the past, and in the future, if there will probably and reasonably be any in the future, directly and proximately caused by reason of the injuries sustained, if any? Answer in dollars and cents. Answer: $1596.00.

"C. From a preponderance of the evidence what sum of money, if paid now in cash, do you find would reasonably and fairly compensate the plaintiff for the necessary and reasonable doctor and hospital bills, if any, directly and proximately caused by reason of the injuries sustained, if any? Answer in dollars and cents. Answer: $404.00.

"Judgment was rendered against appellant on March 22, 1934, for the sum of $8000.00 with six per cent. interest per annum and all costs of suit.

"Appellant filed its original motion for new trial on March 22, 1934, which was overruled by the court, to which appellant excepted and gave notice of appeal to the Court of Civil Appeals for the Eighth Supreme Judicial District sitting at El Paso, Texas, on March 22, 1934. Supersedeas Bond was duly filed by appellant on March 28, 1934, and this case is now properly before this Honorable Court on Appeal."

### Opinion.

Appellant's first assignment attacks that portion of paragraph 1 of the charge in which, after reciting that the jury was the exclusive judge of the facts proved, of the credibility of the witnesses, and of the weight to be given their testimony, read: "and you will answer all issues hereinafter submitted from a preponderance of the evidence * * *."

The objection urged to the above was:

"This defendant objects to that portion of paragraph 1 of the court's charge wherein he instructs the jury to answer all issues submitted from a preponderance of the evidence for the reason that the same is vague, confusing, misleading and contradictory to other portions of the court's charge, especially is it in conflict with and contradicts the instruc-

tion contained in the issue submitted by the court."

"(a) Because the jury may understand from said instruction that a negative answer to the issues submitted could not be made except from preponderance of the evidence."

Both parties have presented several authorities which they assert support their respective views of this question. We have examined them carefully and do not find any of them which to us appear directly in point.

It has been held that a similar charge was not a general charge. Texas Employers' Ins. Ass'n v. Sloan (Tex. Civ. App.) 36 S.W.(2d) 319; St. Louis, etc., Railway v. Weathersbee (Tex. Civ. App.) 22 S.W.(2d) 986. In other cases, however, we find similar charges condemned as requiring a preponderance of the evidence to support any answer to issues submitted, whether affirmative or negative. Psimenos v. Huntley (Tex. Civ. App.) 47 S.W.(2d) 622; Chicago, etc., Railway v. Vinson (Tex. Civ. App.) 61 S.W.(2d) 532; Brotherhood of Locomotive Firemen and Enginemen v. Hall (Tex. Civ. App.) 64 S.W.(2d) 1044; St. Louis, etc., Railway v. Heard & Heard (Tex. Civ. App.) 66 S.W.(2d) 1092; Munves v. Buckley (Tex. Civ. App.) 70 S.W.(2d) 605.

In none of the cases we have found, however, was the instruction followed by a correct charge in the several special issues on the burden of proof as is true here.

Therefore, we are confronted with the question of whether or not the fact that each issue was prefaced with, "Do you find from a preponderance of the evidence * * *," would render the erroneous charge harmless and therefore not reversible.

In Gattegno v. The Parisian, 35 S.W.(2d) 483, this court held that a charge placing the burden of proof upon plaintiff to establish the material allegations of its petition by a preponderance of the evidence was not error, but Section A of the Commission of Appeals, 53 S.W.(2d) 1005, held that we erred in so holding. The Commission held that such charge was a general one, and, in effect, told the jury that they might concern themselves with the effect of their answers. The contention was there advanced by appellee that the fact that the court had so framed the issues submitted as to require an affirmative answer to be based upon the preponderance of the evidence rendered the error harmless. The court held that such fact did not cure the error or render it harmless.

In that case, however, the charge complained of had violated one of the cardinal purposes of the submission of cases on special issues; that is, to have the jury make its findings as to the facts involved without knowing the effect such answers might have on the judgment to be rendered. The framing of the issues so as to require affirmative answers from a preponderance of the evidence would in no way remove the vice complained of. Here, however, the objectionable feature of the charge complained of was that it did not go far enough in placing the burden of proof. When the court in submitting the issues required affirmative answers thereto to be founded upon a preponderance of the evidence, it appears to us that any confusion brought about by the first instruction would be dissipated. We, therefore, have concluded that under the facts of this case, the giving of the charge is not reversible error, and the assignment will be overruled.

Special issues 9A and 9B, as submitted, read:

"From a preponderance of the evidence, what sum of money, if paid now in cash, do you find would reasonably compensate the plaintiff for his diminished capacity, if any, to labor and earn money, in the future, if there will be any in the future, directly and proximately caused by reason of the injuries sustained, if any?

"From a preponderance of the evidence, what sum of money, if paid now in cash, do you find would reasonably and fairly compensate the plaintiff for his physical pain, if any, suffered by him to date, if any, and for mental anguish in the past, if there has been any in the past, and in the future, if there will probably and reasonably be any in the future, directly and proximately caused by reason of the injuries sustained, if any?"

Appellant objected to the submission of these issues on the ground that they were duplicitous, were comments on the weight of the evidence, and assumed that appellee was entitled to damages.

Appellee, in his petition, alleged the loss of earning capacity both present and future, present and future physical pain and mental pain, and humiliation both present and future.

It is conceded that appellee lost his left foot from the injuries received; that he was taken to the hospital by appellant's agent; and that he remained there for a number of weeks. Therefore, there can be no question as to the fact that during the time he was recovering from his injuries, his earning capacity was impaired.

That as serious an injury as the loss of a foot would reduce appellee's earning capacity could be inferred by the jury, without the introduction of any proof to that effect. Texas & P. Railway v. O'Donnell, 58 Tex. 27.

There is no evidence here tending to show that plaintiff's earning capacity had not been impaired, and it being undisputed that appellee has suffered a serious bodily injury, there could be no error in assuming the existence of a diminished earning capacity. Therefore, the only question in issue 9A, calling for a finding by the jury, was that of amount.

The same is true as to issue 9B: Where serious bodily injury has been inflicted, some degree of physical and mental suffering is the necessary result. 13 Tex. Jur. § 221, p. 382. And this is equally true as to menal anguish in the future. St. Louis, etc., Railway v. Cleland, 50 Tex. Civ. App. 499, 110 S. W. 122 (Writ refused.)

█ Appellant's objection to the submission of issue 9C because there was no evidence showing that the doctor's and hospital bills were necessary is without merit. While there is no direct evidence to the effect that these things were necessary, yet the facts lead to such conclusion and amply justified the jury's finding thereon.

█ This suit was originally filed in Howard county and three trials were had each resulting in a hung jury. The deposition of Fred Phillips was introduced in evidence in the trials in Howard county. The cause was thereafter dismissed in Howard county and the present suit filed. In this suit the deposition of Fred Phillips was not offered in evidence, but Mr. Thomas, one of the attorneys for appellee, testified to what Phillips had testified on the former trials. The evidence by Mr. Thomas was objected to by appellant, and its introduction is made the basis of the eighth assignment of error.

The argument here advanced by appellant is that, it being reversible error to use a deposition in a case other than the one in which taken, the narration of the testimony of a witness given by deposition in another case is contrary to the statute providing for the taking and use of depositions and the construction placed thereon by the courts. In other words, that permitting a witness to testify as to what another has testified by deposition in another case, would be to permit the doing of a thing indirectly which could not be done directly. With this argument we are in accord.

Our Supreme Court, in People's Nat. Bank v. Mulkey, 94 Tex. 395, 60 S. W. 753, 754, in discussing the question of admissibility of depositions under the statute, said: "In view of the difficulties which the common-law courts encountered in taking the depositions of witnesses, and the fact that they finally abandoned all effort to enforce such authority, this article [referring to the statute on depositions] would appear to be the work of some well-informed lawyer, who sought, by definite and unambiguous language, to fix the extent to which depositions might be used. The words 'upon the trial of any suit in which they are taken' are so plain that there is no room for construction, and clearly limit the use of depositions to 'the suit in which they are taken.'"

It follows, we think, the deposition itself being inadmissible, that evidence of what was contained therein should not be admitted. The assignment must be sustained and the judgment reversed and cause remanded.

In view of this conclusion, the questions relating to improper argument will not be discussed.

Reversed and remanded.