[No. 22988.   Department Two.   July 9, 1931.]

A. C. LAWE, *Respondent,* v. THE CITY OF SEATTLE *et al., Appellants.*[1]

*A. C. Van Soelen, C. C. McCullough,* and *John A. Logan,* for appellant.

*Frank M. Egan,* for respondent.

MILLARD, J.—This is an action against the city of Seattle and one of its employees to recover for personal injuries alleged to have been sustained by the plaintiff as the result of negligent operation by the employee of a truck owned by the city.   From judgment on the verdict in favor of the plaintiff, motions for judgment notwithstanding the verdict and for a new trial having been overruled, the defendants appealed.

This appeal presents only one question for determination: Did respondent's negligence contribute to his injury to such a degree as to require the court to hold, as a matter of law, that it barred his right to a recovery?

[1]Reported in 1 P. (2d) 237.

Ordinarily, the question of contributory negligence is for the jury. A court will determine the question only when but one reasonable conclusion can be reached from a given state of facts. The facts, which are summarized as follows, obviously preclude the application of the exception to the rule requiring the submitting to the jury of the question of contributory negligence.

The accident out of which this controversy arose occurred the forenoon of November 16, 1929, in the city of Seattle near the intersection of Eleventh avenue southwest and west Spokane street. West Spokane street, one of the thoroughfares connecting West Seattle with the business section of the city, runs easterly and westerly, and crosses the Duwamish river by means of a bridge. Several blocks east of the bridge, there is a wooden trestle in the center of west Spokane street. On that trestle are street car tracks. All traffic proceeding west and towards West Seattle uses that portion of west Spokane street north of the trestle. All traffic going east and towards the business section of the city travels over that portion of west Spokane street south of the trestle.

At the time of the accident, there was only one bridge for all vehicular traffic going in both directions across the Duwamish river. The width of the bridge was less than the width of west Spokane street, hence westbound traffic, upon arriving at the east approach of the bridge, was required to turn to the left, or south, to get upon the approach. Eastbound traffic, upon leaving the east approach to the bridge, turned to the right, or south, and proceeded through openings in the trestle to the roadway on the south side of the trestle. The north portion of west Spokane street is again divided at the approach to the bridge and a portion continues west beyond and to the north of the bridge to

Klickitat avenue and the river. Klickitat avenue runs north and south and passes under the trestle supporting the bridge and connects with the southerly portion of west Spokane street.

The northerly portion of west Spokane street, both east and west of the east approach to the bridge, was, at the time of the accident and for a long time prior thereto, designated by the city for use of westbound traffic only, and on the pavement in large letters were the words "One Way Traffic" with an arrow head pointing westward. On west Spokane street immediately north of the east approach to the bridge is located the manufacturing plant of an oil burner company.

On the morning of November 16, 1929, respondent was traveling west on west Spokane street in his Pontiac coupe. As he neared the east approach to the Duwamish river bridge on west Spokane street, he saw appellant Fasken driving a Ford truck easterly on west Spokane street at a point west of the plant of the oil burner company. Respondent's speed was about eighteen miles an hour. He knew that Fasken was proceeding over that portion of the street in violation of the rules of the city—that portion being reserved for traffic traveling in the other direction—but assumed that Fasken intended to stop at one of the several business places on the north side of the street. As respondent approached the bridge, several cars were proceeding from the west over the bridge, two of them abreast and occupying more than half of the width of the bridge. Without the giving of any signal or warning of any kind, appellant Fasken suddenly turned his car to the south and upon the approach of the bridge at a point between fifteen and twenty feet in front of respondent's automobile. When Fasken arrived at the approach to the bridge directly in the path

of respondent's car, which blocked respondent's passage, Fasken's car stopped. To avoid striking that car, respondent turned his car sharply to his right. He testified that he was under the impression that he had room to clear the rail on the north side of the approach, but the left front wheel of his car came in contact with the rail. Respondent's car was overturned, and he received the injuries to recover for which he brought this action.

Appellant Fasken could have traveled over Klickitat avenue under the trestle supporting the bridge to the south side of west Spokane street, proceeded east to Eleventh avenue southwest, turned to the north side of west Spokane street, and then proceeded west over the bridge in safety. That is what he should have done. His use of that one-way street was in violation of the city ordinance. When Fasken began to make his turn upon the approach to the bridge, respondent was turning his car to the south to meet the approach to the bridge, and his line of vision was away from the point where he originally saw Fasken. Respondent's attention was then being given to the cars approaching from the west over the bridge. The position of appellant Fasken's car would not again be called to respondent's attention until respondent began making the turn. He then was so close to Fasken that he was confronted with an emergency.

Respondent was not aware until that time that Fasken had not, as respondent assumed he intended doing, stopped at one of the business places on the north side of the street. It was reasonable to so assume. Respondent had a right to assume that Fasken would not continue along that street in violation of the city ordinance. Of course, respondent knew that Fasken was on the wrong side of the street; he so admits. However, respondent had a right to assume

that Fasken would turn off into one of the manufacturing plants. Respondent had a right to proceed upon that assumption until he saw, or in the exercise of ordinary care ought to have seen, that his assumption was unwarranted. Whether he so proceeded and whether, when confronted with the emergency at the approach to the bridge, the respondent acted as an ordinarily prudent man would have acted under the circumstances, were questions for the jury.

The judgment is affirmed.

TOLMAN, C. J., BEELER, and MAIN, JJ., concur.