## DALLAS RAILWAY TERMINAL COMPANY v. VERNON A. GOSSETT ET AL.

No. A-5639. Decided October 10, 1956.
Rehearing Overruled November 7, 1956.
(294 S.W. 2d Series 377)

*Burford, Ryburn, Hincks & Ford, Howard Jensen* and *H. Sam Davis, Jr.*, all of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that there was no evidence that Olive Street had been designated a one-way street for northbound traffic only; and that there was no error in submitting issues of the automobile driver's negligence in proceeding on to the one-way street, and that her negligence was the sole proximate cause of the accident, conditioned on an answer to the special issue as to whether said Olive street was a one-way street. Trice v. Bridgewater, 51 S.W. 2d 797, modified on other points in 125 Texas 75, 81 S.W. 2d 63; Mathias v. Echelberger, 182 Wash. 185, 45 Pac. 2d 619. Said court also erred in holding that there was evidence of the reasonableness of the doctor's bills both since the injury and for probably future treatment. Little Rock Furn. Mfg. Co. v. Dunn, 148 Texas 197, 222 S.W. 2d 985; Coca Cola Bottling Co. v. Krueger, 239 S.W. 2d 669, no writ history; Edens-Birch Lbr. Co. v. Wood, 139 S.W. 2d 881, Error dismissed, correct judgment.

*E. A. Cade, James R. Ellis, John C. Walvoord, Jr.*, for re-

spondent Vernon A. Gossett and wife, and *W. H. Cathey*, for respondent, Mrs. Mary Sample.

In reply to the points of petitioner cite: Ford v. Panhandle & S.F. Ry. Co. 151 Texas 538, 252 S.W. 2d 561; State v. McAllen, 127 Texas 63, 91 S.W. 2d 688; Harpold v. Moss, 101 Texas 540, 109 S.W. 928.

MR. JUSTICE WALKER delivered the opinion of the Court.

Vernon A. Gossett and wife, plaintiffs, brought suit against Dallas Railway & Terminal Company, defendant, to recover damages for personal injuries sustained by Mrs. Gossett when defendant's bus, on which she was riding as a passenger, struck an automobile driven by Mrs. Mary Sample. The defendant impleaded Mrs. Sample as a third party defendant and prayed for judgment against her for indemnity or contribution, but no relief was sought against her by the plaintiffs.

The trial court entered judgment on the verdict that plaintiffs recover from the defendant their damages as found by the jury, and that defendant take nothing from Mrs. Sample, and this judgment has been affirmed by the Court of Civil Appeals. 284 S.W. 2d 749. It is our opinion that the judgment for the plaintiffs should be reversed and the cause remanded for a new trial of their action against the defendant, and that the judgment in favor of Mrs. Sample should be affirmed.

Defendant's first group of points assert that it was deprived, by the conditional submission of certain issues, of jury findings on whether Mrs. Sample's proceeding the wrong way on a one-way street was negligence and a proximate cause or sole proximate cause of the collision. The accident occurred at the intersection of Ross Avenue and Olive Street in the City of Dallas. Defendant's bus, which was proceeding east on Ross, stopped at the south curb just west of the intersection to receive and discharge passengers, and Mrs. Gossett entered the bus at that point. Mrs. Sample, who was also driving east on Ross, passed to the left of the bus and turned her automobile to the right to go south on Olive just as the bus began moving from the passenger stop, and the front of the bus struck the right rear portion of the automobile. Mrs. Gossett was standing near the front of the bus at the time and was thrown forward and injured as a result of the sudden stop.

The jury acquitted Mrs. Gossett of any negligence, and found that her injuries were proximately caused by several negligent

omissions on the part of defendant's driver. Defendant alleged that Mrs. Sample was negligent in failing to keep a proper lookout, in turning her automobile to the right from the wrong lane, in failing to make her approach and turn as close as practical to the right hand edge of the roadway, and in turning her automobile to the right when such movement could not be made with safety. By their answers to the issues submitting these contentions, the jury found that Mrs. Sample was not guilty of any such acts or omissions.

Defendant also alleged that Olive was duly and legally designated as a one-way street on which traffic might proceed north only, that signs at the intersection revealed that traffic was not permitted to move south thereon, that Mrs. Sample was negligent in proceeding south on a street designated as one-way for northbound traffic only, and that such negligence was the sole proximate cause, or in the alternative a proximate cause, of Mrs. Gossett's injuries. These are the contentions which defendant says were not properly submitted by the charge to the jury.

Special Issue No. 22 required the jury to determine whether Olive Street had been designated as a one-way street for northbound traffic only. The next three issues, which inquired whether Mrs. Sample's proceeding south on said street was negligence and a proximate cause, or the sole proximate cause, of Mrs. Gossett's injuries, were conditioned upon an affirmative answer to Issue No. 22. Having answered the last mentioned issue in the negative, the jury had no occasion to and did not answer the three succeeding issues. Defendant insists that the undisputed evidence establishes as a matter of law that Olive Street had been designated as a one-way street for northbound traffic only, and that the trial court erred in submitting Special Issue No. 22 and in conditioning the three succeeding issues upon an affirmative answer thereto.

No ordinance of the City of Dallas regulating the movement of traffic on Olive Street was introduced in evidence. An accident investigator for the Dallas Police Department testified that there were signs on the street showing it to be one-way for northbound traffic. Both Mrs. Gossett and defendant's driver stated that it was a one-way street north, and Mrs. Sample replied in the affirmative to a question inquiring whether it had been recently made a one-way street at the time.

■ The witnesses evidently believed that traffic was authorized to move only in a northerly direction on Olive Street, but their

testimony cannot be given the effect for which the defendant contends. Evidence showing that one-way signs were posted on the street does not constitute proof that the same were displayed in compliance with law. The legal designation by a municipal corporation of one of its streets as a one-way street is established by proof of the adoption of an ordinance to that effect. It cannot be said that motorists are required by law to proceed in only one direction thereon unless the provisions of the ordinance are considered and their legal effect determined. The existence and contents of the ordinance are facts to be established by proof, and its legal effect is a question of law for the court.

■ It is well settled that the naked and unsupported opinion or conclusion of a witness does not constitute evidence of probative force and will not support a jury finding even when admitted without objection. Casualty Underwriters v. Rhone, 134 Texas 50, 132 S.W. 2d 97. See also Webb v. Reynolds, Texas Com. App., 207 S.W. 914; Texas & N. O. R. Co. v. Wood, Texas Civ. App., 166 S.W. 2d 141 no writ History; Perren v. Baker Hotel of Dallas, Texas Civ. App., 228 S.W. 2d 311 no writ history. The question of whether the provisions and legal effect of a municipal ordinance may be established by an unsupported conclusion of a witness was considered in Joske v. Irvine, 91 Texas 574, 44 S.W. 1059, 1060, where it was contended that the testimony of an officer of the city that he had authority to arrest without warrant was evidence of the existence of an ordinance conferring such authority. In disposing of this contention, the Court said (on page 577):

"* * * his testimony * * * is merely the opinion of the officer as to his authority, and does not purport to state even the substance of an ordinance. It does not even appear to have been based upon an ordinance. * * * The existence and contents of the ordinance were facts to be established by proof. The proof did not bear upon those issues, but, assuming them to be established, Shely merely gave his opinion as to the authority conferred upon him thereby. This was only his opinion upon a question of law. Such an opinion should not establish the fact —the ordinance—upon which it was based. * * *."

■ None of the witnesses in the present case undertook to state the substance of an ordinance, and it does not appear that their testimony was based on an ordinance. Only one was asked whether Olive had been designated as a one-way street by the traffic authorities of the City of Dallas, and he replied, "I know

the signs were there." Their statements that Olive was a one-way street are simply the conclusions of the witnesses on a mixed question of law and fact, and do not even constitute evidence of probative force that it had been duly and legally designated as such.

Defendant also argues that in view of Mrs. Sample's statement that Olive had just been made a one-way street, it was not necessary to offer proof of the city ordinance. The circumstances which are considered in determining whether the testimony of a party shall be given the force and effect of a judicial admission are discussed in United States Fidelity & Guaranty Co. v. Carr, Texas Civ. App., 242 S.W. 2d 224 (er. ref.). Before the testimonial declaration of a party will be given conclusive effect, it must appear among other things that the statement is deliberate, clear and unequivocal. Mrs. Sample did not state in clear and positive terms that Olive had been legally designated as a one-way street, and it is not necessary for us to determine whether there are other reasons for holding that her testimony does not constitute a waiver of proof of that fact.

Defendant further contends that the evidence at least establishes as a matter of law that one-way signs were posted at the intersection. Mrs. Sample testified that she looked even after the wreck and did not see any such signs, and this raises an issue of fact as to whether Olive Street was signposted for one-way traffic. It is our opinion that the submission of Special Issue No. 22, and the conditioning of the succeeding three issues upon an affirmative answer thereto, were not objectionable for any of the reasons urged by the defendant in this appeal.

Turning now to the defendant's remaining points, the evidence discloses that the plaintiffs had incurred expenses aggregating approximately $390.00 for ambulance service, X-rays, office visits to and treatment by several doctors and medicines, and that it will be necessary for Mrs. Gossett to obtain further treatment in the future. Defendant contends that the trial court erred in permitting the jury to consider past and future expenses as elements of damage, because there is no evidence that the expenses incurred prior to the trial are reasonable and no evidence to show the reasonable cost of future treatment.

There is no direct evidence that the amounts charged for the services rendered to Mrs. Gossett are reasonable, or as to the reasonable cost of future medical attention. The medical

expert offered by the plaintiff stated that the duration of the future treatment will depend upon the activities of the patient which involve her neck, and could be any period from a few weeks to several years. Plaintiffs argue that the evidence showing the nature of Mrs. Gossett's injuries, the character of the treatment which she received and the amounts charged for the services rendered, when considered in the light of the fact that defendant did not assign as error that the services were not necessary, supports an inference that the amounts charged are reasonable. It has also been suggested that the high standing, training and skill of the doctors is some evidence of the reasonableness of their charges, but the record reveals nothing regarding the standing of four of the five doctors who treated Mrs. Gossett.

We are unable to find any support for plaintiffs' position in the Texas decisions which they cite. In Dillingham v. Currie, Texas Civ. App. 92 S.W. 2d 1122 (writ dism.), and Coca-Cola Bottling Co. v. Krueger, Texas Civ. App., 239 S.W. 2d 669 (no writ), there was direct testimony that the charges were reasonable. And in Sam v. Sullivan, Texas Civ. App., 189 S.W. 2d 69 (w. ref. w.m.), the evidence showed that the usual and customary charges were made for the nursing services and that the bills were approved by the physician in charge. The expenses incurred prior to the trial were detailed and shown to be reasonable in Edens-Birch Lumber Co. v. Wood, Texas Civ. App., 139 S.W. 2d 881 (writ dism. judg. cor.), and the court was concerned only with the proof necessary to establish the reasonable cost of future medical attention. The opinion in Little Rock Furniture Mfg. Co. v. Dunn, Texas Civ. App., 218 S.W. 2d 527, affirmed, 148 Texas 197, 222 S.W. 2d 985, does not disclose the evidence which was regarded as sufficient to support a finding that the expenses were reasonable. And Texas & Pacific R. Co. v. Gurian, Texas Civ. App., 77 S.W. 2d 274 (writ dism.), deals only with the proof required to establish the necessity for medical attention.

■ While information regarding the nature of the injuries might be of some assistance to the jury in certain cases in determining the need for treatment, we fail to see its materiality on the question of whether the amounts charged for the treatment are reasonable. And the fact that treatment is necessary is not proof, or a circumstance tending to prove, the reasonableness of the charges made therefor.

Evidence showing the nature of the services rendered might

enable a person familiar with the amounts customarily charged for such services to determine the reasonable value thereof. Some of the jurors in the present case doubtless could judge from their personal experiences the reasonableness of several items of expense incurred by the plaintiffs. But the reasonable value of or amounts customarily charged for all the services that may be performed for an injured plaintiff are not matters of common observation and general knowledge. And the necessity for making proof of reasonableness in individual cases cannot be made to depend upon whether the jurors are in position to determine on the basis of their personal experiences whether the amounts charged are reasonable.

We thus are left with the amount of the charges as the only evidence in this record which might throw any light on the reasonable value of the services rendered. In some jurisdictions proof of the expenses incurred or paid for the treatment of personal injuries is regarded as presumptive evidence of the reasonable value of the services, provided the unreasonableness of the charges does not appear from other evidence. This rule has never been followed in Texas, and it is now well settled that proof of the amounts charged or paid does not raise an issue of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing that the charges are reasonable. Wheeler v. Tyler, S. E. R. Co., 91 Texas 356, 43 S.W. 876; Houston, E. & W. T. R. Co. v. Jones, 1 S.W. 2d 743 (wr. ref.); Annotation 82 A.L.R. 1325, and authorities cited therein. We hold that testimony showing only the nature of the injuries, the character of and need for the services rendered, and the amounts charged therefor does not constitute evidence of probative force that the charges are reasonable.

■ The error in permitting the expenses incurred by the plaintiffs to be considered in fixing the amount of the damages might be cured by remittitur, but the jury was also instructed to include future medical expenses in its award. No witness undertook to estimate the reasonable cost of future treatment, and there is no evidence of the reasonable cost of the treatment already received. The jury was thus left to speculate as to the reasonable cost of the treatment which Mrs. Gossett will probably require in the future, and it is impossible for us to determine the amount allowed for this purpose. We have concluded, therefore, that the judgment in favor of the plaintiffs must be reversed.

■ The findings of the jury absolve Mrs. Sample of any liability,

and the judgment in her favor is not affected by the error we have held to be reversible. The plaintiff's cause of action against the defendant can be fairly tried without the presence of Mrs. Sample as a party, and is severable from the defendant's third-party action against her. Rule 503 of our Rules of Civil Procedure provides that under these circumstances the judgment shall only be reversed and a new trial ordered as to the part of the controversy affected by the error. See Union Bus Lines v. Byrd, 142 Texas 257, 177 S.W. 2d 774; Cantu v. Casas, Texas Civ. App., 265 S.W. 2d 175 (wr. ref. n.r.e.).

The judgment of the Court of Civil Appeals is modified so as to order: (1) that the judgment of the trial court in favor of the plaintiffs be reversed and the cause remanded for a new trial only of the cause of action asserted by them against the defendant, and (2) that the judgment of the trial court denying the defendant a recovery against Mrs. Mary Sample be affirmed; and as modified is affirmed. The affirmance of the judgment in favor of Mrs. Sample does not prejudice the right of the defendant to assert as a defense to plaintiffs' suit that the negligence of Mrs. Sample was the sole proximate cause of Mrs. Gossett's injuries.

Opinion delivered October 10, 1956.

MR. JUSTICE CULVER joined by JUSTICE GARWOOD dissenting.

If this case is to be reversed as to the plaintiffs, Gossett, for another trial, to which I agree, though I would base the reversal on additional grounds to those advanced by the majority, I think it should also be reversed as to the third party defendant, Mrs. Sample.

It is not disputed that Olive Street was marked and designated as a one-way street for northbound traffic. The plaintiff, Mrs. Gossett, testified that Olive Street was a one-way street for traffic going north; the police officer testified that there were signs on Olive Street designating it as a one-way street for traffic moving north. Mrs. Sample was placed upon the stand by plaintiffs and in response to interrogation by plaintiffs' counsel answered that she did not see any one-way signs, but in the next breath, in answer to further questions, said that it had been recently made a one-way street. She further testified that the policeman came up on the one-way street. On cross examination she admitted that the policeman gave her a ticket for attempting to go the wrong way and that while she did not ap-

pear in the corporation court and plead guilty, yet she paid a fine which was shown to be in the amount of $25.00, the charge being that of negligent collision, illegal right turn. The above was substantially all of the evidence on the point.

Under this proof I think it was not necessary for the defendant to offer a formal city ordinance. No objection was made by plaintiff or the defendant, Mrs. Sample, to any of this testimony nor did they raise the point that a copy of the ordinance had not been offered in evidence.

This testimony is in the nature of an admission and ought to be binding upon Mrs. Sample. This was not the situation in Casualty Underwriters v. Rhone, 134 Texas 50, 132 S.W. 2d 97, relied on by the majority. Plaintiffs' counsel at one point in his summation to the jury argued as follows:

"* * * She (Mrs. Sample) has her own attorney, but I say at that point a person could have had a proper lookout at that corner and have failed to see a sign. We leave that question to be resolved in your own mind. It seems the street had been made a one-way street there just two or three days before. Mrs. Sample herself was the only one that testified in that respect and she admitted it was a one-way street. There is no evidence controverting the fact it had been a working one-way street for at least two or three days. * * *."

Signs are posted for the direction of traffic and should be respected and obeyed and are to be relied upon without theretofore ascertaining whether they have been established by valid ordinance. It would be difficult for traffic to be controlled if this were not true. This proposition is supported by Mathias v. Eichelberger, 182 Wash. 185, 45 Pac. 2d 619, 621, where the court said:

"* * * Whether or not Legion Way was, by ordinance, made a one-way street, it was such in fact and the signs posted and maintained challenged the public's attention to the fact. The way had been so marked for a considerable period of time before the collision, a fact known to the respondent driver of the truck.

" 'Travelers upon public highways are not expected to first ascertain and determine whether such signs are established in strict compliance with law before respecting them.' " See also Lawe v. City of Seattle, 163 Wash. 362, 1 Pac. 2d 237; Comfort v. Penner, 166 Wash. 177, 6 Pac. 2d 604, 606.

In my opinion the issue should have been worded substantially as requested by the defendant as follows:

"Do you find from a preponderance of the evidence that on the occasion in question defendant, Mrs. Mary Sample's proceeding south on a street which was designated as a one-way street for northbound traffic only was negligence?"

Under the issues submitted the jury did not reach or answer the question as to whether Mrs. Sample's proceeding south on Olive Street was negligence, a proximate cause or the sole proximate cause of Mrs. Gossett's injuries. It appears to me that the error affects the whole of the matter in controversy and the entire case should be retried.

Opinion delivered October 10, 1956.

Rehearing overruled November 7, 1956.