**Edwin G. REINKE, Appellant,**

v.

**C. L. THOMAS et al., Appellees.**

**No. 4144.**

Court of Civil Appeals of Texas.

Waco.

June 27, 1963.

Rehearing Denied Aug. 1, 1963.

Edwards & Faulkner, Waco, for appellant.

Naman, Howell, Smith & Chase, Waco, for appellees.

TIREY, Justice.

Plaintiff's cause of action is one for damages to himself and his automobile growing out of a rear end collision. Pertinent to this discussion the jury found substantially that Charles Thomas, the driver, failed to keep a proper lookout for plaintiff's car, and that such failure was a proximate cause of the collision; that C. L. Thomas entrusted his car to Charles Thomas, and this was the proximate cause of the collision; that plaintiff received personal injuries to his body and awarded plaintiff damages in the sum of $392.00 for necessary medical services, and further found in reasonable probability that plaintiff would not incur any further sum for medical, surgical or hospital services from this date in the future and awarded him $350.00 for loss of decrease in earning capacity, but further found that in reasonable probability there would be no further loss in the future, and further found that the reasonable cash market value of plaintiff's car immediately prior to the collision was $825.00, and immediately after the collision the sum of $650.00, and awarded plaintiff damages for his car in the sum of $175.00. After the verdict was returned plaintiff filed what he designated as a motion for mistrial in which he alleged that certain findings of the jury were in irreconcilable conflict, which motion was overruled, and the Court granted defendants' motion that

plaintiff have judgment on the verdict of the jury, and awarded to plaintiff total damages in the sum of $917.00 with interest from date and for costs, and awarded to Noley Bice, Guardian Ad Litem for Charles Thomas, a minor, a fee of $430.00 for his services in the trial representing the minor and taxed such fee as a part of the costs. Plaintiff's motion for new trial was overruled, and he perfected his appeal to this Court.

The judgment is assailed on six points. Points one to four, inclusive, assail the verdict of the jury on the ground that there is no evidence to support findings to subheads 1, 2, 3, 4, 5, 6, 7 and 8 under issue 16, and that the evidence is insufficient to support such findings, and that such findings are so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust, and that such findings are manifestly too small and inadequate. Five is to the effect that the answers to subhead (a) in issue 15, and answers to issues Nos. 7, 8, 14, and 15 are in irreconcilable conflict with the jury's answers to subheads 1, 2, 3, 4, 5, 6, 7 and 8 under issue 16. Point 6 is to the effect that the jury was guilty of misconduct in considering evidence outside the record which resulted in probable harm to plaintiff; and 7, in failing to grant a new trial because the cumulative effect of the errors resulted in rendition of an improper verdict and judgment.

Going back to points 1 to 4 inclusive, we find that much testimony was tendered in this cause. The Statement of Facts contains 430 pages, and quite naturally it is impossible for us to state it in detail. We feel that there is ample evidence to sustain each of the jury's findings, and it would serve no precedential value for us to set out the evidence. It was the province of the jury to weigh the evidence and pass upon the credibility of the witnesses, and since we believe that there is ample evidence to sustain the findings of the jury, we are bound by the jury verdict. For example,

substantially all of the evidence concerning the pain and suffering by appellant, as well as the extent of his alleged injuries, came from him or medical witnesses to whom he had related his alleged pain and suffering. Needless to say the testimony of the plaintiff with reference to the pain and suffering that he endured was quite comprehensive, but the jury had the duty to consider the plaintiff's testimony, as well as all of the testimony tendered thereon in the light of all the surrounding facts and circumstances, and the plaintiff's testimony as to pain and the extent of the injury did not impress the jury in the way that plaintiff thought it should. The jury had the right to accept or reject any part or all of the testimony tendered by plaintiff and defendants, and to reconcile any inconsistent statements if found therein, taking into consideration all the facts and surrounding circumstances. See Hood v. Texas Indemnity Insurance Company, 146 Tex. 522, 209 S.W.2d 345.

The appellant says that this Court ought to reverse this case under the rule announced by this Court in the case of Smith v. Bullock, Tex.Civ.App., 317 S.W.2d 232, n. w. h. We have re-examined the opinion in the Smith case and we find that the factual situation here does not bring this cause within the rule announced in the Smith case. We think a careful reading of the Smith case sustains this view, and that the evidence in the case at bar is not such that we can say that the verdict of the jury in its answers to subheads 1, 2, 3, 4, 5, 6, 7 and 8 in issue 16, are against the great weight and preponderance of the evidence so as to be manifestly wrong. See In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. It is true that the jury did not fix the full amount of past medical expenses shown by the plaintiff's evidence; however, under the evidence the jury had the duty to fix what it believed was reasonable or necessary as to the amount of medical expenses that resulted from the accident, and by reason thereof had a right to fix the sum at $392.00. See Dallas Railway & Terminal Co. v.

Gossett, 156 Tex. 252, 294 S.W.2d 377. In this connection we think we should say that there was no evidence tendered concerning any reasonable and necessary future medical expenses resulting from the accident except as such expense related to plaintiff's knee injury. Appellant's counsel asked Dr. Anderson: "Q. * * * tell the jury whether or not you have an opinion with a reasonable degree of medical probability * * * as to whether or not he has damage to the cartilage in his knee, the left knee? A. I believe that he does not." As we understand Dr. Wilson's testimony concerning the knee, it is to the effect that he did not think that the injury to appellant's knee came about in the blow which appellant described he received in the car accident, and felt that such a blow as described would have broken the knee cap rather than given him the injury which Dr. Wilson found appellant had; that had appellant received a blow to his knee there should or would have been a bruise which would have been visible and that if no bruise appeared until three or four months after the accident he would have suspected there would have been a subsequent injury to the knee which appellant said appeared two or three months later. Moreover, there were conflicts and inconsistent statements in appellant's testimony, and the jury had the right to take all the facts and surrounding circumstances into consideration in arriving at its verdict. The doctors had to rely on appellant's testimony largely as to the extent of pain he sustained as well as his disability with reference to carrying on his work, and in view of the appellant's statements to the doctor concerning his pain and his disability, it was not unnatural for the doctors to state that they would not recommend the appellant for full employment. It is true that the doctors tendered as witnesses in this cause were outstanding in their profession, but under our system the testimony of these physicians is only evidentiary and is never binding upon the trier of the facts. The jury was in its province in rejecting all or any of the theories of

each of the doctors concerning their respective views as to the pain and suffering sustained by appellant on account of his claimed injuries. Our Supreme Court in Hood v. Tex. Indemnity Company, supra, re-announced the long standing rule in Texas to the effect: "Opinion testimony does not establish any material fact as a matter of law." In view of appellant's contention of insufficient evidence, and the further contention that certain answers of the jury are so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust, we have given our most careful consideration to this entire statement of facts, and we cannot honestly say that the verdict of the jury in any respect is against the great weight and preponderance of the evidence. In fact, we think the evidence is ample to sustain each finding of the jury. All points have been considered and each is overruled.

Accordingly, the judgment of the Trial Court is affirmed.