IN THE SUPREME COURT OF TEXAS
 
════════════
No. 09-0159
════════════
 
Samuel Garcia Jr., M.D., 
Petitioner,
 
v.
 
Maria Gomez, Individually and 
Representative of the Estate of Ofelia Marroquin, 
Deceased, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Thirteenth District of Texas
════════════════════════════════════════════════════
 
 
Argued January 21, 2010
 
 
            
Justice 
Johnson, dissenting.
 
            
I disagree with the Court’s holding for the reasons expressed by Chief 
Justice Jefferson and join his dissent. However, I write to express particular 
disagreement with the Court’s statement that “[a]n attorney’s testimony about 
the reasonableness of his or her own fees is not like other expert witness 
testimony. . . . The attorney’s testimony is not objectionable as merely conclusory because the opposing party, or that party’s 
attorney, likewise has some knowledge of the time and effort involved and, if 
the matter is truly in dispute, may effectively question the attorney regarding 
the reasonableness of his fee.” ___ S.W.3d at 
___.
            
As to reasonableness of an attorney’s fee, in Arthur Andersen & 
Co. v. Perry Equipment Corp., the Court addressed language in the Deceptive 
Trade Practices Act[1] allowing recovery of “reasonable and 
necessary attorneys’ fees.” 945 S.W.2d 812, 818 (Tex. 
1997). In considering whether a contingent fee was a reasonable fee we 
said:
 
Factors that a factfinder 
should consider when determining the reasonableness of a fee include:
(1) the time and labor 
required, the novelty and difficulty of the questions involved, and the skill 
required to perform the legal service properly;
(2) the likelihood . . . that 
the acceptance of the particular employment will preclude other employment by 
the lawyer;
(3) the fee customarily charged 
in the locality for similar legal services;
(4) the amount involved and the 
results obtained;
(5) the time limitations 
imposed by the client or by the circumstances;
(6) the nature and length of 
the professional relationship with the client;
(7) the experience, reputation, 
and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or 
contingent on results obtained or uncertainty of collection before the legal 
services have been rendered.
                                    
. . . .
A party’s contingent fee agreement should be considered 
by the factfinder, see Tex. Disciplinary R. Prof. Conduct 
1.04(b)(8), and is therefore admissible in evidence, but that agreement cannot 
alone support an award of attorney’s fees under Texas Business and Commerce Code 
section 17.50(d). In other words, the plaintiff cannot simply ask the jury to 
award a percentage of the recovery as a fee because without evidence of the 
factors identified in Disciplinary Rule 1.04, the jury has no meaningful way to 
determine if the fees were in fact reasonable and 
necessary.
 
Id. at 818-19 (citation 
omitted).
            
Without saying why, the Court departs significantly from the evidence 
requirements for determining reasonable fees we set out in Arthur 
Andersen. Here the testimony touched on two of the Arthur Andersen 
factors: the attorney’s experience in this type of litigation and a “reasonable 
and necessary” fee for a “usual and customary case like this.” In Arthur 
Andersen the fee was contingent. Here the testimony did not even address the 
basis of the fee; that is, whether it was contingent, a flat rate through some 
part of the case, an hourly or per diem charge, a blend of fee types, or some 
other type of fee arrangement. The attorney’s testimony as to experience 
involved facts. His testimony as to fees, however, was not factual; it was 
opinion and conclusory. And even assuming it addressed 
the attorney’s own work on this case (the testimony did not specify who worked 
on the case and pointedly did not address work done on this specific case) it 
was nothing more than an ipse dixit by a credentialed witness.
            
The court of appeals addressed the Arthur Andersen issue and 
properly determined there was no evidence of a reasonable fee because the 
attorney’s testimony was conclusory. I agree with the 
court of appeals. Garcia’s attorney’s testimony is not probative evidence 
because it does not contain the underlying factual basis on which it rests. 
See, e.g., Burrow v. Arce, 997 S.W.2d 
229, 235 (Tex. 1999) (“[A] claim will not stand or fall on the mere ipse 
dixit of a credentialed witness.”); Black’s Law Dictionary 284 (7th ed. 
1999) (defining conclusory as “[e]xpressing a factual inference without stating the underlying 
facts on which the inference is based”). As Chief Justice Jefferson notes, in no 
other area of the law would such testimony be entitled to probative weight. 
See ___ S.W.3d at ___ (Jefferson, C.J., 
dissenting).
            
Further, the rule has long been that whether testimony of a witness is 
conclusory turns on the testimony itself, not on 
whether the opposing party or its attorney has knowledge of matters underlying 
the testimony and examines the testifying witness. E.g., Wal-Mart 
Stores, Inc. v. Merrell, 313 S.W.3d 837, 839 (Tex. 2010) (“No-evidence 
challenges to allegedly conclusory expert testimony 
require us to examine the record on its face to determine whether the evidence 
lacks probative value.”); City of San Antonio v. Pollock, 284 S.W.3d 809, 
816 (Tex. 2009); Coastal Transport Co., Inc. v. Crown Cent. Petroleum 
Corp., 136 S.W.3d 227, 233 (Tex. 2004) (“When the testimony is challenged as 
conclusory or speculative and therefore non-probative 
on its face, however, there is no need to go beyond the face of the record to 
test its reliability.”) (citations omitted); Dallas Ry. & Terminal Co. v. 
Gossett, 294 S.W.2d 377, 380-81 (Tex. 1956) (“It is well settled that the 
naked and unsupported opinion or conclusion of a witness does not constitute 
evidence of probative force and will not support a jury finding even when 
admitted without objection.”). There may be valid reasons for the Court to take 
the position that an attorney’s testimony about the reasonableness of his or her 
fees is different from other expert witness testimony. But it is hard to see 
valid reasons for holding that conclusory testimony, 
which according to long-standing precedent has no probative force, is converted 
to evidence with probative value because an adverse party has information or 
knowledge about matters underlying the testimony. In an environment where 
discovery plays a major part in any lawsuit, only a naive or completely 
unprepared litigant will lack knowledge of matters underlying the testimony of 
an opposing expert, especially one testifying about attorney’s fees. It distorts 
the litigation process and burdens of proof to require an adverse party to 
cross-examine an opposing party’s expert and assist in proving up a case against 
himself or herself on pain of converting conclusory, legally insufficient evidence into legally 
sufficient evidence.
            
With the foregoing comments and for the reasons expressed both by Chief 
Justice Jefferson and the court of appeals, I respectfully dissent. I would 
affirm the judgment of the court of appeals.
 
                                                                        
________________________________________
                                                                        
Phil Johnson
                                                                        
Justice
 
OPINION DELIVERED: August 27, 2010






[1] 
See Tex. Bus. & Com. Code § 
17.50(d).