Terry Jennings, Justice, Dissenting
No interest is more compelling or more important than a child's best interest.[1 ]
In her first issue, appellant, Adaline Rose Werthwein, argues that the trial court erred in granting the request of appellee, Craig Edward Workman, to change the surname of their two-year-old son from Werthwein to Workman because there is no evidence establishing that it was in the child's best interest to do so. Because the majority errs in holding that there is "adequate evidence to support the trial court's best-interest determination" in changing the child's surname from Werthwein to Workman, I respectfully dissent.
Standard of Review
We review a trial court's ruling on a request to change the name of a child for an abuse of discretion.
*761 In re A.E.M ., 455 S.W.3d 684, 689 (Tex. App.-Houston [1st Dist.] 2014, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or if it acts without reference to any guiding rules or principles. Id. When reviewing the sufficiency of the evidence under an abuse-of-discretion standard, evidentiary sufficiency, which is not an independent issue, is incorporated into the abuse-of-discretion review. Id.
We must sustain a legal-sufficiency or "no-evidence" challenge if the record shows one of the following: (1) a complete absence of evidence of a vital fact, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. City of Keller v. Wilson , 168 S.W.3d 802, 810 (Tex. 2005). In conducting a legal-sufficiency review, a court must consider evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. Id. at 822. The term "inference" means,
[i]n the law of evidence, a truth or proposition drawn from another which is supposed or admitted to be true. A process of reasoning by which a fact or proposition sought to be established is deduced as a logical consequence from other facts, or a state of facts, already proved ....
Marshall Field Stores, Inc. v. Gardiner , 859 S.W.2d 391, 400 (Tex. App.-Houston [1st Dist.] 1993, writ dism'd w.o.j.) (quoting Inference , BLACK'S LAW DICTIONARY (5th ed. 1979) ). For a factfinder to infer a fact, "it must be able to deduce that fact as a logical consequence from other proven facts." Id.
Both direct and circumstantial evidence may be used to establish any material fact. Ford Motor Co. v. Ridgway , 135 S.W.3d 598, 601 (Tex. 2004). If there is more than a scintilla of evidence to support the challenged finding, we must uphold it. Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc. , 960 S.W.2d 41, 48 (Tex. 1998). However, "[w]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." Ford Motor Co. , 135 S.W.3d at 601 (alteration in original) (internal quotations omitted).
To raise a genuine issue of material fact, "the evidence must transcend mere suspicion." Id. Evidence that "is so slight as to make any inference a guess is in legal effect no evidence." Id. If the evidence allows only one inference, neither jurors nor the reviewing court may disregard it. City of Keller , 168 S.W.3d at 822. However, if the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then the factfinder must be allowed to do so. Id. A reviewing court cannot substitute its judgment for that of the factfinder, so long as the evidence falls within this zone of reasonable disagreement. Id.
"It is well settled that the naked and unsupported opinion or conclusion of a witness does not constitute evidence of probative force and will not support a [fact] finding even when admitted without objection." Coastal Transp. Co. v. Crown Cent. Petroleum Corp. , 136 S.W.3d 227, 232 (Tex. 2004) (quoting Dall. Ry. & Terminal Co. v. Gossett , 156 Tex. 252, 294 S.W.2d 377, 380 (1956) ). Opinion testimony that is conclusory or speculative does not tend to make the existence of a material fact "more probable or less probable," and it is neither relevant nor competent. Id. (quoting TEX. R. EVID. 401 ). "[I]t is the basis of the witness's opinion, and not the witness's qualifications or his bare opinions alone, *762 that can settle an issue as a matter of law; a claim will not stand or fall on the mere ipse dixit of a credentialed witness." Burrow v. Arce , 997 S.W.2d 229, 235 (Tex. 1999) : see also Ipse dixit , BLACK'S LAW DICTIONARY (8th ed. 2004) (ipse dixit , Latin for "he himself said it," and meaning "[s]omething asserted but not proved" (internal quotations omitted) ).
An opinion is conclusory "if no basis for the opinion is offered, or the basis offered provides no support" for the opinion. City of San Antonio v. Pollock , 284 S.W.3d 809, 818 (Tex. 2009) ; see also Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd ., 249 S.W.3d 380, 389 (Tex. 2008) (opinion conclusory if witness "simply state[s] a conclusion without any explanation" or asks jurors to just "take [his] word for it" (internal quotations omitted) ); Conclusory , BLACK'S LAW DICTIONARY (8th ed. 2004) (defining conclusory as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based"). Opinion testimony that amounts to "mere conjecture, guess, or speculation" is not sufficient. IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason , 143 S.W.3d 794, 798-99 (Tex. 2004) : Price v. Divita , 224 S.W.3d 331, 337 (Tex. App.-Houston [1st Dist.] 2006, pet. denied). A witness "must explain the basis of his statements to link his conclusions to the facts." Earle v. Ratliff , 998 S.W.2d 882, 890 (Tex. 1999).
Best Interest of the Child
Here, Workman sought to change the child's surname to his surname pursuant to Chapter 45 of the Texas Family Code. See TEX. FAM. CODE ANN. §§ 45.001 -.005 (Vernon 2014 & Supp. 2017). Under section 45.004, a court may change the name of a child only if "the change is in the best interest of the child." Id. § 45.004(a)(1). The only facts relevant to this Court's review of the trial court's determination are the facts concerning the child's best interest; the interests of the parents are not relevant. In re A.E.M. , 455 S.W.3d at 690.
In evaluating the best interest of a child in regard to the change of his surname under Chapter 45, we consider evidence of the following:
(1) the name that would best avoid anxiety, embarrassment, inconvenience, confusion, or disruption for the child, which may include consideration of parental misconduct and the degree of community respect (or disrespect) associated with the name,
(2) the name that would best help the child's associational identity within a family unit, which may include whether a change in name would positively or negatively affect the bond between the child and either parent or the parents' families,
(3) assurances by the parent whose surname the child will bear that the parent will not change his or her surname at a later time,
(4) the length of time the child has used one surname and the level of identity the child has with the surname,
(5) the child's preference, along with the age and maturity of the child, and
(6) whether either parent is motivated by concerns other than the child's best interest-for example, an attempt to alienate the child from the other parent.
Id.
As noted by the majority, because a change to a child's identity has the possibility of causing disruption and confusion, courts have recognized the benefits inherent in maintaining the status quo and the need for a petitioner to demonstrate that a different last name is in the child's best *763 interest. See In re Guthrie , 45 S.W.3d 719, 724 (Tex. App.-Dallas 2001, pet. denied) ; see also In re A.E.M. , 455 S.W.3d at 692 (holding "slight evidence" presented by father did not meet burden for changing minor's name); In re H.S.B. , 401 S.W.3d 77, 83 n.7 (Tex. App.-Houston [14th Dist.] 2011, no pet.) (noting analysis in suit to change minor's name generally favors status quo).
In support of its holding that there is "adequate evidence to support the trial court's best-interest determination" in changing the child's surname from Werthwein to Workman, the majority relies on the following:
1. Workman's testimony "that changing [the child's] last name to match his own would avoid anxiety and confusion for [the child] in the future when the two participated in activities together because [the child] would be recognizable as Workman's son. [And] Workman provides child support for [the child]."
2. Workman's testimony "that, from his perspective, it would not disrupt [the child]'s life to change his last name at such a young age." And "[i]t [i]s Workman's position that [the child] identified by his first name only at this time in his life, with little emphasis on what his full name might be."
3. Workman's testimony "that [the child] sharing his last name would facilitate their father-son bond and better enable [the child] to identify with Workman's other relatives who also share his last name." And Workman's suggestion "that [the child] would benefit from assistance in developing familial ties with Workman's side of the family because Werthwein had allowed only limited contact pre-divorce and, post-divorce, [the child] spends much less time with his side of the family than with Werthwein and hers."
4. Workman's statement "that his name enjoy[s] a good reputation in the community and that he w[ill] not change his last name in the future." And Workman's testimony "that he believe[s] both parents were motivated by their child's best interests."
In reaching its holding that there is "adequate evidence" to support the name change of the child, the majority reasons that the trial court, "[f]acing ... mixed evidence, with both parents supplying evidence to satisfy best-interest factors, including the facilitation of bonding between parent and child," "did not abuse its discretion in selecting the father's last name to further bonding between the father and the child." It further emphasizes that "the trial court did not abuse its discretion in doing so, particularly given the directly contradictory testimony of the parents and the need for the trial court to make credibility determinations with respect to each parent's testimony."
Respectfully, however, there were no credibility determinations that the trial court needed to make because the only evidence offered by Workman to support the name change of the two-year-old child consisted of his bare assertions, speculation, and conclusory opinions. Again, the only facts relevant to this Court's review of the trial court's determination are the facts concerning the child's best interest; the interests of the parents are not relevant. In re A.E.M. , 455 S.W.3d at 690.
Workman's testimony that changing the two-year-old child's surname to "match his own would avoid anxiety and confusion for [the child] in the future when the two participated in activities together because [the child] would be recognizable as Workman's son" amounts to nothing more than *764 a speculative assertion. There is no evidence that the child actually has or will participate in any activities with Workman because the child is only two years old. And because the child is only two years old, Workman simply has no real evidence that changing the child's surname would in any way help the child better bond with him.
In regard to Workman's testimony "that, from his perspective, it would not disrupt [the child]'s life to change his last name at such a young age," this is simply an opinion unsupported by fact. More important, it does not amount to evidence of what is actually in the child's best interest. Just because a name change would not necessarily "disrupt [his] life," does not mean it is in the child's best interest to rename him.
Further, Workman's testimony "that [the child] sharing his last name would facilitate their father-son bond and better enable [the child] to identify with Workman's other relatives who also share his last name" constitutes nothing more than a speculative opinion unsupported by a specific factual basis. Moreover, his "suggest[ion] that [the child] would benefit from assistance in developing familial ties with Workman's side of the family" ignores the converse suggestion that changing the child's surname to Workman would impede his ability to develop familial ties with Werthwein's side of the family.
Finally, Workman's statements "that his name enjoy[s] a good reputation in the community" and "he w[ill] not change his last name in the future," standing by themselves, do not support a change in the status quo, i.e., changing the child's surname from Werthwein's to Workman's.
The bottom line is that Workman's "naked and unsupported opinion[s]" and bare "conclusion[s]" do not "constitute evidence of probative force" and cannot support a finding that it was in the best interest of the two-year-old child to change his surname. See Coastal Transp. Co. , 136 S.W.3d at 232 (internal quotations omitted). His conclusory and speculative opinion testimony does not tend to make the existence of a material fact "more probable or less probable," and it is neither relevant nor competent evidence. See ids="9239001" index="93" url="https://cite.case.law/sw3d/136/227/#p232">id. (internal quotations omitted). Again, "it is the basis of the witness's opinion, and not ... his bare opinions alone, that can settle an issue." See Burrow , 997 S.W.2d at 235. And here Workman wholly failed to "explain the basis of his statements to link his conclusions to the facts." See Earle , 998 S.W.2d at 890. He simply failed to present any facts from which it could be logically inferred that changing the child's surname from Werthwein to Workman was in the child's best interest.[2] See Marshall Field Stores , 859 S.W.2d at 400.
Accordingly, I would hold that the evidence is legally insufficient to support the trial court's finding that it was in the child's best interest to change his surname from Werthwein to Workman and the trial court abused its discretion in doing so. I *765 would sustain Werthwein's first issue and render judgment in her favor.

In re C.T. , 491 S.W.3d 323, 331 (Tex. 2016) (Guzman, J., dissenting from denial of petition for writ of mandamus).

The majority notes that often in cases such as the instant case the only evidence that is available to support a name change is "the testimony of the two parents." To be clear, the problem with the evidence purportedly supporting the trial court's judgment in this case is not that it came from the child's father, it is that the evidence provided by Workman is speculative and conclusory. Further, the majority questions what evidence, other than opinion evidence from a child's parents, could be used to support a name change when a child is "very young." However, if only speculative evidence is available due to a child's young age, then the courts and the parents should wait until a point in a child's life is reached where the evidence establishing a child's best interest rises to being more than speculative and conclusory.