**Thomas E. KENNEMORE and Wife, Charla L. Kennemore, Appellants,**

v.

**Bill BENNETT, Appellee.**

**No. 05–86–01230–CV.**

Court of Appeals of Texas, Dallas.

Oct. 14, 1987.°

Rehearing Denied Dec. 4, 1987.

Don Black, Tammy M. Daniels, Dallas, for appellants.

Kevin J. Keith, Dallas, for appellee.

Before WHITHAM, ROWE and McCRAW, JJ.

WHITHAM, Justice.

In this controversy between owner and homebuilder, the owner-appellants, Thomas E. Kennemore and Charla L. Kennemore, complain of a directed verdict in favor of the homebuilder-appellee, Bill Bennett, and appeal the resulting take-nothing judgment in favor of Bennett. We conclude that the trial court correctly granted an instructed verdict in favor of Bennett. Consequently, we conclude further that the trial court properly rendered a take-nothing judgment in favor of Bennett. Accordingly, we affirm.

Bennett and the Kennemores made a contract whereby Bennett was to build a house for the Kennemores upon land owned by the Kennemores. Thereafter, the Kennemores executed and delivered to Bennett a mechanic's lien contract and note. After the house passed inspection by the Kennemores' permanent loan lender and closing of the transaction became possible, the Kennemores, on February 10, 1984, entered into possession of the house and changed the locks on all exterior doors. The Kennemores took possession of the improvements without closing the transaction or otherwise paying Bennett the contract price or other amounts in dispute between the parties. In the two weeks following the Kennemores' taking possession of the improvements, Bennett twice requested of the Kennemores that they close the transaction so that Bennett could be paid for his work and materials. The Kennemores refused because the closing statement contained a charge for "extras" in the amount of $4,500.00. The Kenne-

mores did not deny receiving the "extras", but claim they should not have been charged for the "extras."

On March 20, 1984, Bennett sued on the mechanic's lien contract and note seeking judicial foreclosure of his lien, recovery of the contract price of $96,900.00 and extras in the amount of $4,542.55, less credit for an earnest money deposit and for the septic tank system, together with reasonable attorney's fees provided for in the note of at least ten (10%) percent of principal and interest due. In conjunction with his suit, Bennett also sought a temporary injunction enjoining the Kennemores from continuing in possession of the improvements during the pendency of his suit. On April 4, 1984, the Kennemores filed an original answer and an original cross-action against Bennett alleging that

> [u]pon the alleged completion of the construction of the dwelling, [the Kennemores] advised [Bennett] that there were a number of defects in the construction of the dwelling. These defects were pointed out to [Bennett]. [The Kennemores] requested that [Bennett] remedy said defects; however, [Bennett] has failed and refused, and continues to fail and refuse to remedy said defects.

The Kennemores then alleged in effect that, as a result of these identified defects pointed out to Bennett, Bennett failed to construct the house in a good and workmanlike manner. Later, in their trial pleadings, the Kennemores listed nine such specific defects.

Prior to a hearing on Bennett's application for temporary injunction, the Kennemores agreed to appear at a closing of the transaction on April 18, 1984. The Kennemores appeared and closed, paying Bennett the original contract price, extras in the amount of $4,542.55 and the amount of $1,836.00 for attorney's fees and court costs. On August 18, 1984, the parties advised the trial court that Bennett's primary suit had been satisfied and that the only issues were those raised by the Kennemores' counterclaim. Bennett does not contend that all claims and causes of action of any party against the other were com-

promised and settled. Jury trial commenced. After the Kennemores rested, Bennett moved for a directed verdict urging that the Kennemores' entering and taking possession of the house estopped the Kennemores as a matter of law from asserting defects or from asserting that the defects resulted in Bennett's failure to construct the house in a good and workmanlike manner. In his motion, Bennett noted other acts of waiver and estoppel barring the Kennemores from recovery: voluntary payment of the original contract price, payment of the amount of extras, and payment of an amount for attorney's fees and costs. The trial court granted Bennett's motion and rendered a take-nothing judgment in favor of Bennett.

■ An owner's actions in paying all invoices submitted by a contractor constitutes a waiver of acceptance provisions of a construction contract and are evidence of the owner's acceptance of the work. *See Anderson Development Corporation v. Coastal States Crude Gathering Company*, 543 S.W.2d 402, 406 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.) Where an owner accepts the building as completed, enters into possession thereof, tenders the unpaid balance of the contract price, asserting this is all that he owes the contractor, the owner is consequently estopped to deny that the contractor failed to fully comply with his contract. *See Collins v. Hall*, 161 S.W.2d 311, 313 (Tex.Civ.App.—Austin 1942, writ ref'd w.o.m.). An owner of a constructed building is estopped to deny that the contractor did not fully comply with the specifications agreed upon in a written contract where the contract has been substantially complied with and the owner has accepted the building as complete and taken possession of it. *Bratcher v. Moore*, 219 S.W.2d 527, 529–30 (Tex.Civ.App.—Amarillo 1949, no writ). Where the landowner, while building contractor was demanding payment, makes entrance to the building constructed by forcing locks and windows, takes possession to the exclusion and without the consent of the builder, the landowner waives his claim that the work was not completed according to plans and specifications. *See Phillips v. Le Gallez*, 329 S.W.2d 922, 925 (Tex.Civ. App.—Waco 1959, no writ).

■ In the present case, the Kennemores voluntarily paid Bennett the original contract price, voluntarily paid the amount of disputed extras and voluntarily paid an amount for Bennett's attorney's fees and court costs. By their own pleading admission, the Kennemores did so after the house was completed and after they had pointed out to Bennett all the defects at issue. Furthermore, the Kennemores did so after Bennett brought suit to recover the amounts due him. Indeed, the record is silent as to any objection made by the Kennemores to Bennett indicating that the Kennemores paid Bennett involuntarily. Thus, we conclude that after Bennett brought suit, the Kennemores, without protest to Bennett, voluntarily paid Bennett the original contract price, the amount for extras, and the amount for attorney's fees and court costs. Moreover, the Kennemores took possession of the house to the exclusion of Bennett and without his consent. Applying the rules enunciated in the above cases, we conclude that the Kennemores' actions in voluntarily paying Bennett are evidence of the Kennemores' acceptance of Bennett's work, that the Kennemores are estopped to deny that Bennett did not fully comply with his contract, and that the Kennemores waived their claim that Bennett's work was not completed according to plans and specifications. It follows, therefore, that the trial court did not err in granting Bennett's motion for a directed verdict and in rending a take-nothing judgment in favor of Bennett.

Affirmed.