Dahl v. Beall 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-320-CV





WESLEY DAHL,



 APPELLANT


vs.





MORRIS L. BEALL,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY 



NO. 91-1960, HONORABLE ROBERT E. RAESZ, JUDGE PRESIDING



 





PER CURIAM



 Appellee Morris Beall sued appellant Wesley Dahl for negligence and breach of
contract in moving Beall's home. After trial to a jury, the county court at law rendered judgment
that Beall recover damages for both negligence and breach of contract as well as attorney's fees. 
Dahl brings points of error on appeal addressing the sufficiency of the evidence, his establishment
of affirmative defenses, and the exclusion of evidence. We will reverse the judgment of the trial
court and remand the cause for a new trial.

 Points of error one through three concern Beall's cause of action for negligence. 
Dahl argues in point one that no evidence supports the jury's finding that he negligently damaged
Beall's house while moving it. Dahl claims that Beall failed to offer any evidence that he should
have foreseen the risk of damaging the house. Foreseeability, a component of proximate cause,
requires proof that the defendant as a person of ordinary intelligence should have anticipated the
danger to others presented by his actions. Missouri Pac. R.R. Co. v. American Statesman, 552
S.W.2d 99, 103 (Tex. 1977). We review Dahl's no-evidence challenge by considering only the
evidence and inferences that tend to support the finding and disregarding any evidence and
inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert.
denied, 111 S. Ct. 135 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). If any
probative evidence supports the finding, it must be upheld. Southern States Transp, Inc. v. State,
774 S.W.2d 639, 640 (Tex. 1989).

 Beall hired Dahl to move the home from Beall's farm to property owned by his son. 
Beall testified that Dahl was to pull the house down the driveway of the property and then,
moving at a right angle, maneuver the house lengthwise across the ground to a specific location. 
Beall engaged a second house mover, Potts, to help Dahl move the house over the sandy soil. 

 Beall testified that on the day of the move Dahl brought the house to the gate of the
driveway and that Potts arrived after Dahl. Because Dahl objected to Potts' help, Beall instructed
Dahl not to go past the gate and then went to tell Potts that Dahl would move the house alone. 
Beall stated that while he was talking to Potts, Dahl began pulling the house down the driveway,
where he ran into a tree and damaged the roof of the house.

 Beall introduced in evidence a drawing of the property onto which Dahl moved his
house. The drawing shows a tree standing on the inside edge of the driveway. The tree stands
in a diagonal line between the gate and the place Dahl placed the house.

 The evidence shows that Beall was concerned about the difficulty Dahl might have
moving the house from the driveway over the sandy soil, that Dahl refused the help of a mover
Beall asked to help with the difficult move, and that Dahl took the house onto the driveway against
Beall's instruction. According to the drawing, the tree was clearly visible in the driveway. The
jury could properly infer from Beall's drawing that Dahl drove too close to the driveway's edge. 
Given the visibility of the tree in the driveway and Beall's concern over the difficulty of the move,
some evidence shows that damage to the house was foreseeable. We overrule point one.

 In points of error two and three, Dahl contests the legal sufficiency of the evidence
of damages for negligence. In point two, Dahl argues that no evidence supported the submission
of a jury question asking what sum, if any, would reasonably compensate Beall for the damage
to his structure. In point three, he argues that no evidence supported the jury's finding that
$100.00 would reasonably compensate Beall for the damage. Dahl argues under point three that
the amount of the award was not based on any objective measure of damages.

 Beall testified that, in moving his house, Dahl drove down the driveway, struck a
tree, and "damaged that roof about $150 worth of damage." Beall also stated that he paid Dahl
$50.00 less than the contract price to partially cover the damage, a reduction Dahl allowed. Beall
affirmed that he was asking the jury to award him a sum for the damage to the mobile home and
stated that his son had repaired the damage. Beall introduced in evidence six photographs of the
house Dahl moved for him, showing it from various perspectives. One photograph showed the
damage done to a corner of the roof. These pictures demonstrated the general size and condition
of the house and the extent of the damage in relation to them.

 Because the only reference in the evidence to any measure of damages was to the
cost of repairs, we assume that repair cost was the standard the jury considered in assessing
damages. When damaged personal property can be repaired, the property owner may recover the
reasonable cost of those repairs necessary to restore the damaged article to its condition
immediately before the injury. Pasadena State Bank v. Isaac, 228 S.W.2d 127, 128-29 (Tex.
1950); Boies v. Norton, 526 S.W.2d 651, 653 (Tex. Civ. App.--Austin 1975, writ ref'd n.r.e.). 
The party seeking damages for the cost of repairs must prove that the cost was both necessary and
reasonable; evidence of the amount charged or paid does not prove reasonableness. Dallas Ry.
& Terminal Co. v. Gossett, 294 S.W.2d 377, 383 (Tex. 1956); Pena v. Ludwig, 766 S.W.2d 298,
304 (Tex. App.--Waco 1989, no writ); Tinney v. Williams, 144 S.W.2d 344, 346 (Tex. Civ.
App.--Amarillo 1940, no writ). 

 Beall's evidence of the nature of the injury to the roof and his testimony of the
amount required to repair it did not prove that the amount he claimed was usual and customary
or reasonable. Gossett, 294 S.W.2d at 382-83; Pena, 766 S.W.2d at 304-05. Because no
evidence of the reasonableness of damages for the cost of repair exists, we sustain points two and
three. 

 Points of error four through six concern Beall's cause of action for breach of
contract. In point four, Dahl argues that no evidence supports the jury's finding that Dahl failed
to perform an action required as part of his contract to move Beall's house. Dahl maintains that
the parties agreed to move the house to Beall's son's property, but that they never agreed to place
the house on a specific site on that property. See Calvin V. Koltermann, Inc. v. Underream Piling
Co., 563 S.W.2d 950, 956 (Tex. Civ. App.--San Antonio 1977, writ ref'd n.r.e.) (contract
requires meeting of minds on every essential term). The evidence showed that Dahl placed the
house just off the edge of the surfaced driveway. Beall later hired another mover to move the
house forty feet away from the driveway.

 Beall testified that he reached an agreement with Dahl to move the house and that
the agreement originated when Beall discussed the move with Dahl and told him exactly where
to place the house. Beall stated that he and Dahl discussed the necessity of placing the house in
a particular location so that the septic system would function. Beall initially proposed that Dahl
pull the house onto the property across an electric easement, but because Dahl feared getting stuck
in sandy soil, the two agreed that Dahl should enter on the driveway by the front gate. Beall
testified that he agreed to let Dahl pull up a post by the gate on the condition that Dahl let Potts
help him move the house from the surfaced driveway across forty feet of sand to the site Beall
desired. On the day he moved Beall's house, Dahl pulled up the post to enter the driveway. 

 Beall's son Webster testified that a few days before the move he heard his father's
side of a telephone conversation with Dahl about the move. Webster stated that from what he
could hear, the two agreed that Potts would bring his wrecker to the property, meet Dahl, and
"pull him on up there." Webster testified that Dahl objected to putting the house where Beall
wanted it only after he had brought Beall's house to the property.

 At trial, a second drawing Beall made of the moving site was introduced in
evidence; this drawing showed both the place Dahl put the house and the place to which Beall
later had it moved. Beall testified that because trees blocked a direct path to the place he wanted
it, the house had to be moved in sideways from the driveway. Beall affirmed that the parties
agreed that it was necessary to move the house sideways to get it into that position.

 Beall's testimony provides some evidence that he and Dahl agreed to move Beall's
house to the location Beall had indicated, and it therefore supports the jury's finding that Dahl
failed to perform an act required by his agreement to move Beall's house. We overrule point
four.

 In points of error five and six, Dahl contends that no evidence supports the
submission of or the answer to a jury question on damages for breach of contract. When asked
what amount would reasonably compensate Beall for Dahl's failure to perform, the jury found
$600.00 to be reasonable compensation. Dahl argues that no evidence showed that the amount
of $600.00 was reasonable.

 The measure of damages for breach of a service contract is generally the reasonable
cost of performance. Southern Steel Co. v. Consolidated Eng'g Co., 677 S.W.2d 97, 101 (Tex.
App.--San Antonio 1984), rev'd on other grounds, 699 S.W.2d 188 (Tex. 1985); P.G. Lake, Inc.
v. Sheffield, 438 S.W.2d 952, 956 (Tex. Civ. App.--Tyler 1969, writ ref'd n.r.e.); cf. Page v.
Travis-Williamson County Water Control and Improvement Dist. No. 1, 367 S.W.2d 307, 309
(Tex. 1963) (party recovered actual cost to remedy breach of contract because contract so
provided). Beall's drawings of the moving site showed that Dahl placed the house forty feet from
the position he and Beall had agreed on. Beall paid Dahl $1,700.00 for the move, but later hired
Joiner to move the house the additional forty feet. Beall paid Joiner $600.00 to complete the
move. Although Beall testified that Joiner's job was not easy and that he required a full day to
finish it, no evidence shows that $600.00 was a reasonable amount to pay for the second move. 
We sustain points five and six.

 In point of error seven, Dahl argues that, because Beall accepted payment in
settlement of the damage to his house, the jury's award of $100.00 was against the great weight
and preponderance of the evidence. In his argument, however, Dahl characterizes his contention
that he accepted prior payment as an affirmative defense. The evidence showed that Dahl allowed
a $50.00 credit against the contract price to compensate Beall for his damaged roof. Dahl's claim
that, by accepting the credit as payment for the damage, Beall was barred from seeking any
further recovery is a claim of payment. Payment is an affirmative defense on which Dahl had the
burden of proof. Tex. R. Civ. P. 94; Southwestern Fire & Cas. Co. v. Larue, 367 S.W.2d 162,
163 (Tex. 1963); Schlager v. Harris, 805 S.W.2d 893, 894 (Tex. App.--Corpus Christi 1991, no
writ).

 Dahl's affirmative defense, if true, would bar any recovery for damages even
though Beall had proved that a certain amount would reasonably compensate him. Gorman v. Life
Ins. Co. of N. Am., 811 S.W.2d 542, 546 (Tex.), cert. denied, 112 S. Ct. 88 (1991). Because
the issues of reasonable compensation and payment are distinct, Dahl cannot establish his
affirmative defense by attacking the sufficiency of the evidence to prove reasonable compensation. 
Dahl had the burden to secure a submission and jury finding on his separate affirmative defense. 
Davis Bumper to Bumper, Inc. v. American Petrofina Co., 420 S.W.2d 145, 150 (Tex. Civ.
App.--Amarillo 1967, writ ref'd n.r.e.). 

 Dahl excuses his failure to submit a jury question by asserting that his affirmative
defense was established as a matter of law. Both Beall and his son testified that during the move
Dahl demanded payment from Beall and threatened him with physical violence. Beall testified
that he paid Dahl for moving his house because he feared Dahl would do him bodily harm, but
that he was not satisfied with Dahl's work. The evidence does not conclusively establish that
Beall accepted the $50.00 credit as payment for the damage. Dahl has therefore waived his
affirmative defense by failing to request and obtain a jury finding on it. Davis Bumper to Bumper,
Inc., 420 S.W.2d at 150. We overrule point seven.

 In point of error eight, Dahl argues that the jury's finding that he failed to perform
an action required by the parties' agreement is against the great weight and preponderance of the
evidence. Dahl claims that by paying him for the move, Beall accepted his work as performance
under their contract and was estopped to deny full compliance. Kennemore v. Bennett, 740
S.W.2d 39, 41 (Tex. App.--Dallas 1987), rev'd on other grounds, 755 S.W.2d 89 (Tex. 1988). 
Estoppel is a matter of affirmative defense. Tex. R. Civ. P. 94. Unless it was established as a
matter of law, Dahl was required to request and obtain a jury finding on his affirmative defense. 
Davis Bumper to Bumper, Inc., 420 S.W.2d at 150. 

 Beall's testimony that he was not satisfied with Dahl's work, but that he paid him
because he feared Dahl would physically harm him raised a fact issue on whether Beall accepted
Dahl's work. Dahl's failure to submit the issue to the jury waived his affirmative defense for
review. Davis Bumper to Bumper, Inc., 420 S.W.2d at 150. We overrule point eight.

 In point of error nine, Dahl contends that the trial court erred in excluding evidence
that Beall sued him in justice court and lost before appealing to the county court at law. Dahl
preserved the excluded testimony for review in a bill of exception. Tex. R. Civ. Evid. 103; Tex.
R. App. P. 52(b).

 Dahl first claims that testimony about the justice-court suit would have rebutted
evidence that his failure to settle Beall's claim compelled Beall to bring suit. Rather than
rebutting Beall's statements, however, the excluded testimony would simply have confirmed them. 
Beall offered in evidence a letter he wrote Dahl on October 10, 1991, requesting reimbursement
of the $600.00 Beall paid to complete the move. He stated in the letter that if Dahl did not pay
$600.00, Beall would be compelled to sue. In testimony before the jury, Beall confirmed his
written statement. The excluded testimony would have shown that Beall sued Dahl in the justice
court, lost, and appealed to the county court at law. The excluded testimony would only have
been cumulative of evidence already before the jury that Beall sought to settle with Dahl before
bringing suit.

 Dahl next claims that the excluded testimony was relevant to Beall's request for
attorney's fees. Even if the exclusion were error in this respect, our consideration of the claim
is unnecessary because we must reverse the entire trial-court judgment. We therefore overrule
point nine as to the claim that the excluded testimony would have rebutted evidence that Dahl
compelled Beall to sue.

 In disposing of this appeal, we consider that Dahl raised his no-evidence challenge
to damages for negligence by motion for new trial. His motion requested only a new trial and not
a rendition of judgment. Having determined that no evidence supported the award of damages,
we will remand the issue of damages based on negligence for a new trial. Commercial Ins. Co.
v. Puente, 535 S.W.2d 948, 950 (Tex. Civ. App.--Corpus Christi 1976, writ ref'd n.r.e.); see J.
Weingarten, Inc. v. Razey, 426 S.W.2d 538, 540-41 (Tex. 1968). Because Dahl contested the
evidence of his liability for negligence, we remand the issue of liability based on negligence for
new trial as well. Tex. R. App. P. 81(b)(1); Indiana Lumbermens Mut. Ins. Co. v. Metro
Material Mktg., Inc., 646 S.W.2d 547, 550 (Tex. App.--Dallas 1982, no writ); Bradley v. Castro,
591 S.W.2d 304, 306 (Tex. Civ. App.--Fort Worth 1979, no writ).

 Dahl preserved error as to the legal sufficiency of the evidence supporting damages
for breach of contract by orally objecting to the submission of a question on damages. Tex. R.
Civ. P. 272; Jim Howe Homes, Inc. v. Rogers, 818 S.W.2d 901, 902-03 (Tex. App.--Austin 1991,
no writ). Because we have held that no evidence supported the award of damages for breach of
contract, we reverse the judgment of the trial court. We do not render judgment that Beall take
nothing, however, because the evidence establishes that the contractual breach required some
compensable expense to remedy. Consequently, the issue of damages for breach of contract must
also be remanded for a new trial. Whataburger, Inc. v. Rutherford, 642 S.W.2d 30, 35 (Tex.
App.--Dallas 1982, no writ). Our remand of the damages issue entails a remand of the contested
issue of liability for breach of contract. Tex. R. App. P. 81(b)(1); Indiana Lumbermens Mut. Ins.
Co., 646 S.W.2d at 550; Bradley, 591 S.W.2d at 306. 

 We therefore reverse the judgment of the trial court and remand the entire cause
for a new trial.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reversed and Remanded

Filed: March 30, 1994

Do Not Publish